### WRINCLE vs. WRINCLE & AL.

APPEAL from the court of the sixth district, the judge of the district presiding.

MATHEWS, J. delivered the opinion of the court. This suit is instituted by the wife,

A wife may cumulate an action for a separation, with a prayer for an injunction to stay a sale on a *fi. fa.* against her husband.

against her husband, praying a separation of property; and also to obtain an injunction, to stay an execution, which issued on a judgment against him, which she alleges was levied on her property, then in their joint possession. The court below decreed a separation, but dissolved the injunction which had, in the first instance, been granted; and from this judgment of dissolution the plaintiff appealed.

The reason given by the judge *a quo*, for dissolving the injunction and dismissing the suit, so far as it relates to the defendants who were interested in that part of the proceedings, is, that different causes of action were cumulated in the same suit, wholly incompatible  We are of a different opinion.

The object of the plaintiff was, to secure herself against the waste and destruction of her property, occasioned by the mismanagement of her husband.  To prevent it from being sold, to satisfy his debts, was essential for her security, and proceeding to stay any writs, which tended directly to produce the evil which she desired to avoid, comes legally within the intention of her suit, and forms a just and appropriate cause of action, which may well be united with the present, for sepa-

ration of goods. The evidence in the cause shows pretty clearly, that the property, seized on execution, belonged to the plaintiff and her children by a former husband. The objection made to the deed, offered by her in evidence, on account of having only the mark of the vendor, need not be enquired into in the present case, as the vendee is proven to have gone into possession under it, and as the vendor recognized the act in open court, and that under the solemnity of an oath. It is true, his testimony was opposed, on the ground of incompetency, but this opposition ought not to prevail, for he was called on to testify against his own interest.

It is therefore ordered, adjudged and decreed, that the judgment of the court below, which dissolved the plaintiff's injunction, and dismissed her suit in relation to the parties interested in said injunction, be avoided, reversed and annulled; and it is further ordered, adjudged and decreed, that the injunction first granted, be reinstated and made perpetual, and that the said appellees pay costs.

*Fennessee* for the plaintiff, *Johnston* and *Flint* for the defendants.